1

2

3

4                    UNITED STATES DISTRICT COURT

5                   EASTERN DISTRICT OF WASHINGTON

6

7    PHYLLIS SHERI SCHRADER,                No. CV- 14-3137-JPH

8                     Plaintiff,            ORDER GRANTING

9    vs.                                    DEFENDANT'S MOTION  FOR

                                            SUMMARY JUDGMENT
10   CAROLYN W. COLVIN,

11   Acting Commissioner of Social Security,

12                   Defendant.

13          BEFORE THE COURT are cross-motions for summary judgment. ECF No.

14   18, 22. On April 28, 2015 Plaintiff filed a reply. ECF No. 25. The parties have

15   consented to proceed before a magistrate judge. ECF No. 7. After reviewing the

16   administrative record and the parties' briefs, the court **grants** defendant's motion

17   for summary judgment, **ECF No. 22**.

18                              **JURISDICTION**

19          Schrader applied for disability insurance benefits (DIB) and supplemental

ORDER - 1

security income (SSI) benefits on August 31, 2010, alleging onset (as amended)

beginning November 16, 2010 (Tr. 214-20). Benefits were denied initially and on

reconsideration (Tr. 124-26, 128-34, 136-39, 143-44, 146-49, 153-54). ALJ

Virginia M. Robinson held a hearing September 14, 2012. Vocational expert Scott

Witmer and Schrader, represented by counsel, testified (Tr. 43-69). The ALJ issued

an unfavorable decision January 7, 2013 (Tr. 19-33). The Appeals Council denied

review July 25, 2014 (Tr. 1-4). The matter is now before the Court pursuant to 42

U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 25,

2014. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the

ALJ's decision and the parties' briefs. They are briefly summarized here and as

necessary to explain the court's decision.

Schrader was 54 years old at the amended onset date and 56 at the hearing

(Tr. 48-49). She quit school in ninth or tenth grade and has not earned a GED. She

has worked as a motel housekeeper, bartender, waitress, food service cashier and

agricultural produce sorter and packer (Tr. 52-56, 63-64). She suffers pain in the

right shoulder, knees and legs. She has edema in the legs and knees that worsens if

she stands very long. She cannot drive due to anxiety. She suffers depression and

fears being alone (Tr. 55-60). Her wrists are weak and she can lift very little

weight. She experiences sleep problems (Tr. 291).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established  a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§  404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§  404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§

ORDER - 3

404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of  impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§  404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.

1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress  has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch

inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Robinson found Schrader was insured through June 30, 2014 (Tr. 19, 21). At step one, the ALJ found Schrader did not work at SGA levels after onset (Tr. 21). At steps two and three, the ALJ found she suffers from palpitations with a

history of coronary bypass, coronary artery disease, hypertension, and hyperlipidemia; wrist pain with positive Tinel's sign and Phalen's sign; adjustment disorder and anxiety disorder, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 21, 23). The ALJ found Schrader less than fully credible (Tr. 27-29). She found Plaintiff is able to perform a range of light work (Tr. 25). At step four, relying on a vocational expert's testimony, the ALJ found Schrader is able to perform her past relevant work as a bartender, food service cashier and motel housekeeper (Tr. 32). Because the ALJ found Schrader can perform past relevant work she found her not disabled (Tr. 33).

## ISSUES

Schrader alleges the ALJ erred when she assessed credibility and the medical evidence. She alleges if an RFC for sedentary work was assessed, Schrader would be found disabled pursuant to the Grids. ECF No. 18 at 8. The Commissioner asks the court to affirm, alleging the ALJ applied the correct legal standards and the decision is supported by substantial evidence. ECF No. 22 at 2.

## DISCUSSION

*A. Credibility*

Schrader challenges the ALJ's credibility assessment. ECF No. 18 at 23-32, 25 at 1-7.

To aid in weighing the conflicting medical evidence, the ALJ evaluated

ORDER - 7

Schrader's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). As repeated many times, this has long been the standard.

The ALJ's reasons are clear and convincing.

The ALJ notes reported activities include preparing multicourse meals daily, attending church and social groups weekly, using public transportation, and at times working [below SGA levels], activities consistent with the assessed RFC and inconsistent with allegedly disabling physical and mental limitations. Schrader has alleged she isolates herself a majority of the time. She also states she is afraid to be alone. The medical evidence does not support Schrader's claim her condition significantly worsened between October 2010 and July 2011. She alleged she became unable to go out alone and could not stand for any length of time, but physical exams were normal. There is evidence Schrader has not always

ORDER - 8

consistently followed through with medical treatment, including taking medication prescribed for depression, anxiety, GERD and heart disease. Schrader alleges this failure is explained by complaints of side effects but the record shows on multiple occasions she failed or inadequately explained the noncompliance (Tr. 24, 27, 281-85, 294, 298-304, 308, 312, 468, 478, 489, 499, 503-05, 521, 544, 554-55, 711, 730, 780-82, 811, 826).

Allegations exceed objective findings. Schrader stated she could not work due to a heart condition, but the evidence shows no significant cardiac findings. By March 2009 and August 2010 findings were insignificant, and again in 2012 (Tr. 27-28, 405, 414, 417, 642, 644, 660, 662, 665, 724,-28, 796). There is evidence suggesting Plaintiff is motivated by secondary gain, rather than by disability, to obtain benefits (Tr. 27). In August 2010 Dr. Bellum notes Schrader has returned after a long absence. He observes the patient "does appear to be trying to get Social Security Disability and she is hence here requesting all kinds of things to be done, so that she can justify the disability." (Tr. 510-11). A partial list of requests includes a nerve conduction study, evaluation for peripheral artery disease, and referral to an ENT specialist for sinus dryness (Tr. 511). In 2011, Schrader told an examiner she hoped her daughter would apply for disability so she could help with the rent (Tr. 786). Although Schrader urges a different interpretation, the ALJ's view of these statements as evidencing a motive for secondary gain is reasonable.

ORDER - 9

Schrader was diagnosed with "panic attacks" (anxiety) as early as 2001 yet worked thereafter for several years, including in 2010: can "barely do" work as a housekeeper now; in June 2011: she does housekeeping and is going to start work at a warehouse next week; September 2011: working nine hour shifts; October 2011: tried to work packing apples but found cannot do that; states she drinks a lot of mountain dew at work (Tr. 479, 801, 805, 814, 816, 819).

The ALJ's reasons are clear, convincing and supported by the record. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(lack of medical evidence is properly considered as long as it is not the sole basis for discounting pain testimony, and daily activities are properly considered); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998)(ALJ may certainly consider motivation and the issue of secondary gain in rejecting symptom testimony); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)(proper factors include inconsistencies in claimant's statements and inconsistencies between statements and conduct); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(unexplained or inadequately noncompliance with medical treatment is properly considered).

### B. Weighing opinion evidence

Schrader alleges the ALJ should have credited two opinions of Venugopal Bellam, M.D., who treated Schrader for at "at least four years." ECF No. 18 at 10-15, referring to Tr. 59. The Commissioner answers that the ALJ's reasons for

rejecting these contradicted opinions are specific and legitimate. ECF No. 22 at 15-19.

In December 2011 Dr. Bellum opined Schrader's coronary artery disease, status post-catheterization, anxiety and depression would reasonably cause pain. Work on a regular and continuous basis would cause her condition to deteriorate. Pain would likely cause her to miss four or more days of work a month. He assessed an RFC for sedentary work (Tr. 30, 745-46). In May 2012, he opined Schrader could lift 20 pounds maximum and ten pounds frequently. She was limited to "seated work" for six months (Tr. 846).

The ALJ rejected these contradicted opinions because they are internally inconsistent and inconsistent with Bellam's treatment records (Tr. 30). With respect to the first opinion, the ALJ notes the same report says Schrader does not need to lie down during the day, medication side effects do not limit activities, work is limited to sedentary and she is able to travel by bus (Tr. 30, referring to Tr. 745-46). The ALJ notes Bellam's own treatment records show minimal to no objective findings in 2010 related to heart disease and mental impairments. Dr. Bellam is not a cardiologist (Tr. 30, citing Ex. 4F).

Dr. Bellam also fails to support assessed limitations with references to any objective medical evidence, as the ALJ accurately points out. With respect to his later opinion, the assessed limitations are related to some reduced range of motion

in the spine and are not expected to exceed six months, meaning even if accepted they would not meet the durational requirement. In this opinion Dr. Bellam does not opine Schrader is unable to work, making it inconsistent with his 2010 opinion (Tr. 30, 745-46, 846).

These opinions are contradicted by exam results. Steven Rode, D.O., examined Schrader in April 2011, between Dr. Bellam's two opinions. Dr. Rode reviewed echocardiogram results and examined Schrader. He opined she was capable of medium exertion work (Tr. 30-31, Ex. 6F).

The ALJ's reasons are specific, legitimate and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F. 3d 947, 957 (9th Cir. 2002)(The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings); 42 U.S.C. § 423(d)(1)(A) (impairment must last or be expected to last for at least a twelve-month period).

Schrader alleges the ALJ should have credited the limitations assessed by treating cardiologist Abner Preacher, M.D., FACC, in December 2010. ECF No. 18 at 15-17. Dr. Preacher opined Schrader is unable to "carry on any useful work" (Tr. 804). However, in February 2012, he noted cardiac test results were "excellent" and she once again is under terrible stress from her home life (Tr. 796-98).                              The ALJ gave several reasons for rejecting the contradicted

2010 opinion (Tr. 31). It is not based on any objective cardiology findings. Dr.

Preacher cites self-reported symptoms ("she hyperventilates she clearly admits")

(Tr. 804), which the ALJ properly found were less than credible.

The ALJ notes the record contradicts Dr. Preacher's

opinion. Despite Schrader's symptoms of anxiety, she chose not to take prescribed

medication even though she admitted it helped her anxiety in the past. The record

indicates anxiety is caused by a number of situational stressors such as her adult

children pawning her household items, and their substance abuse and fighting. She

is able to regularly attend church, use public transportation, socialize and perform

housekeeping tasks and yardwork, all indicating a greater level of functioning than

assessed. (Tr. 31, 281-85, 294, 505, 537, 710, 730, 786, 792, 796, 807, 809). The

ALJ is correct that Schrader's activities are more consistent with Dr. Rode's exam

results than with Dr. Preacher's opinion.

Schrader alleges she stopped taking anxiety medications because of adverse

side effects. ECF No. 18 at 16. However in 2009 she inexplicably refused to start

antidepressant medication when hospitalized (Tr. 33) and, as noted, there are many

unexplained and inadequately failures to take medication as prescribed (Tr. 787,

790).

The ALJ may properly reject a physician's contradicted opinion that is

inconsistent with the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir.

2007)(citation omitted). Opinions premised on Plaintiff's subjective complaints and testing within Plaintiff's control are properly given the same weight as Plaintiff's own credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Error if any in relying on "the ultimate determination is reserved to the Commissioner" is clearly harmless where, as here, the remaining reasons are specific, legitimate and supported by substantial evidence.

*Doyle Hardy, LMHC*

Schrader alleges the ALJ should have credited the January 2012 opinion of treating therapist Mr. Hardy. ECF No. 18 at 18-23. He opined Schrader was markedly limited in the ability to complete a normal schedule without interruptions and perform at a consistent pace, and suffered some moderate limitations. He opined she was unable to use public transportation (Tr. 748-50). The Commissioner responds that as a non-acceptable medical source, the ALJ was required to give germane reasons for rejecting his opinion, and she did. ECF No. 22 at 22-25.

The ALJ opines Schrader's ability to use city transportation is inconsistent with Mr. Hardy's opinion. [Hardy clarified Schrader uses public transportation but cannot travel alone. Tr. 750]. She is able to attend and participate in treatment, stressors are largely situational and related to her children and Mr. Hardy relied on

ORDER - 14

Schrader's unreliable self-report (Tr. 29, 785).

The ALJ's reasons are germane.

The ability to maintain and complete a normal schedule is reflected in the ability to timely and regularly attend treatment and church, and contradicts Mr. Hardy's assessed marked limitation. The record is replete with indications that Schrader's anxiety is situational, including by her own admission, rather than a disabling mental health condition. Schrader said an adult daughter who lived with her had anger management issues that led her to file a police report. She told providers she cannot have "good things" in her house like computers or televisions because her children will pawn them. There are indications Schrader has been highly anxious for several years yet she has been able to work (Tr. 339, 343, 345, 347-48, 702-3,705,713, 721, 786).  She has stated medication was helpful but many occasions refused psychotropic medication with no or inadequate explanation. She has agreed that a stressful living situation with adult children is likely the primary cause of her anxiety (Tr. 714, 723, 780-81, 784-87). Examining psychologist Jay Toews, ED.D., an acceptable source, reviewed records and administered testing as part of his evaluation. He opined Schrader's GAF in June 2011 was 55-62, indicative of moderate to mild symptoms or limitations (Tr. 732).

Schrader alleges the ALJ should have weighed the evidence differently, but the ALJ is responsible for reviewing the evidence and resolving conflicts or

ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ's reasons for rejecting more dire limitations are specific, legitimate and supported by substantial evidence. The ALJ assessed an RFC that is consistent with the record as a whole. There was no harmful error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 22**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 18, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 4th day of May, 2015.


*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 16